**FILED**
**AUG 19 2014**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Stacy Allen Taylor, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 14-1223 (UNA) |
| United States of America *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's Complaint accompanied by an application to proceed *in forma pauperis*. Plaintiff seeks compensation and injunctive relief for his alleged work as an informant for the Central Intelligence Agency. *See generally* Compl. The United States Court of Federal Claims found that plaintiff's previous complaint based on the same set of facts forming the basis of this action was frivolous and the United States Court of Appeals for the Federal Circuit agreed. *See Taylor v. United States*, No. 14-393C, 2014 WL 1874698 (Fed. Cl. May 9, 2014), *aff'd*, --- Fed.Appx --, 2014 WL 3827558 (Fed. Cir. Aug. 5, 2014).

Under the principle of *res judicata*, a final judgment on the merits in one action "bars any further claim based on the same 'nucleus of facts' . . . ." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (D.C. Cir. 1977)). *Res judicata* bars the relitigation "of issues that were or *could have been raised* in [the prior] action." *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (emphasis in original) (citing

1

*Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *see I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously"); *accord Crowder v. Bierman, Geesing, and Ward LLC*, 713 F. Supp. 2d 6, 10 (D.D.C. 2010). Although *res judicata* is an affirmative defense that typically must be pled, courts "may raise the res judicata preclusion defense *sua sponte*," *Rosendahl v. Nixon*, 360 Fed. Appx. 167, 168 (D.C. Cir. 2010) (citing *Arizona v. California*, 530 U.S. 392, 412-13 (2000); *Brown v. D.C.*, 514 F.3d 1279, 1285-86 (D.C. Cir. 2008)), and a "district court may apply res judicata upon taking judicial notice of [a] [party's] previous case." *Tinsley v. Equifax Credit Info. Serv's, Inc.*, No. 99-7031, 1999 WL 506720 (D.C. Cir. June 2, 1999) (per curiam) (citing *Gullo v. Veterans Cooperative Housing Ass'n*, 269 F.2d 517 (D.C. Cir. 1959) (per curiam)).

Since the instant complaint is based on the same "tale of international intrigue" found frivolous in the earlier dismissed action, and seeks the same monetary and injunctive relief, *Taylor*, 2014 WL 3827558, at *1, this case is barred by *res judicata*. A separate Order of dismissal accompanies this Memorandum Opinion.

_____
United States District Judge
J. Rowsker

Date: August 19, 2014

2